**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

ZHI ZHONG QIU,

                Plaintiff,

- against -

ROBERT DIAMOND, JR., and ATLAS MERCHANT CAPITAL LLC,

                Defendants.

Case No. 19-cv-2050-ER

**STIPULATION AND PROTECTIVE ORDER**

       IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Agreed Protective Order (the "Stipulation and Order") govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials").

       1.    A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

       2.    A party, person, or entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

       3.    All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

4. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party believes contains (1) any non-public trade secrets or other confidential research, development, or commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; or (2) sensitive, non-public information concerning individuals or entities, including but not limited to social security numbers, home telephone numbers and addresses.

5. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Outside Attorneys' Eyes Only" any Discovery Material that the Disclosing Party reasonably believes pertains to highly sensitive business or trade secrets, or to confidential material of third parties.

6. Discovery Material designated "Confidential" or "Outside Attorneys' Eyes Only" shall be referred to herein as "Confidential Discovery Material." Any Discovery Material designated as Confidential (other than ESI produced in native electronic form) shall be so designated by marking each page of such material with a "CONFIDENTIAL" notice or "OUTSIDE ATTORNEYS' EYES ONLY" notice, or, in the case of depositions, as set forth in Paragraph 11 below. ESI designated "Confidential" or "Outside Attorneys' Eyes Only" shall be so designated by either (1) including such notice in the body of the electronic document; (2) affixing a stamp with such notice on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3) identifying the designated ESI in writing at the time

of production. Print-outs of any such ESI designated as Confidential Discovery Material shall also be treated in accordance with the terms of this Stipulation and Order.

7. The designation of any Discovery Material as Confidential or Outside Attorneys' Eyes Only is not intended to and shall not be construed as an admission that the Discovery Material is properly discoverable, relevant, not subject to an applicable privilege or protection, or admissible.

8. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine ("Privileged Material"), and is without prejudice to any other party's right to contest such a claim of privilege or protection.

9. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is Privileged Material, and no party shall have waived any claims or arguments under the inadvertent production doctrine. If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party may notify any party that received the material of the claim and the basis for it. After receipt of such notice, the party to whom the material was produced shall promptly return, sequester, or destroy the material and any copies it has; must not use or disclose the material or any information contained in the material until the claim is resolved; must take reasonable steps to retrieve the material or any information contained in the material if the party disclosed it before being notified; and may notify the Disclosing Party in writing whether it objects to the designation of the material as privileged or protected. Within three calendar days of the receipt of such an

objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Receiving Party may promptly present the information to the Court under seal for a determination of the Disclosing Party's claim of privilege or protection.  While any such application is pending, the material subject to that application will be treated as Privileged Material until the Court rules.  If the Court determines that such material is privileged or protected, the Receiving Party shall immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof.  If the Receiving Party does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within seven calendar days from the receipt of the Disclosing Party's notice (regardless of whether the parties met and conferred on the subject), the Discovery Material in question shall be deemed privileged or protected, in which case the Receiving Party shall immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof.  In an application to the Court as described in this paragraph, the Disclosing Party shall have the burden of showing that the Discovery Material at issue is privileged or subject to work product protection.  Notwithstanding the above, nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as privileged or protected, or preventing any party from seeking further protection for any material it produces in discovery.

        10.    If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Disclosing Party shall promptly inform the Receiving Party of such inadvertent disclosure.  The receiving party shall

thereafter treat the information as Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to promptly advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Disclosing Party that such information is not Confidential Discovery Material.

11. A Disclosing Party may, on the record of a deposition, or promptly after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" or "Outside Attorneys' Eyes Only" under the terms of this Stipulation and Order. Until 30 days after the receipt of the deposition transcript, the entire deposition transcript shall be treated as "Confidential" or "Outside Attorneys' Eyes Only" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" or "Outside Attorneys' Eyes Only," as appropriate, on the cover thereof. Objections to the designation of Confidential Discovery Material under this paragraph shall be governed by the procedure set forth in paragraph 17 below.

12. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

    a. the Court and court personnel, any appellate court in this Action, and jurors;

b. the parties' in-house and outside counsel participating in the prosecution and defense of this action and their legal, clerical, or support staff, including temporary or contract staff;

c. the named parties in this Action (including employees of the named parties);

d. professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

e. persons who are indicated to have been authors or recipients of the Confidential Discovery Material;

f. expert witnesses or consultants who are employed or retained by a party in connection with the prosecution or defense of this action, provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation;

g. deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this sub-paragraph shall not be permitted to retain copies of such Confidential Discovery Materials;

h. outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or

their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system; and

   i. any mediator or arbitrator engaged by the named parties to the Action.

  13. Notwithstanding the provisions of paragraph 12 above, except upon the prior written consent of the Disclosing Party, Outside Attorneys' Eyes Only Material shall not be disclosed, summarized, or otherwise made available to anyone except the persons identified in sub-paragraphs 12(a), (d), (e), (f), (g), (h), and (i) above, and the parties' outside counsel participating in the prosecution and defense of this action and their legal, clerical, or support staff, including temporary or contract staff.

  14. The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist such counsel, expert, or investigator in the preparation of this litigation.

  15. All persons to whom Confidential Discovery Material is disclosed pursuant to sub-paragraphs 12(f), (g), or (h) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Confidential Discovery Material is disclosed solely pursuant to sub-paragraph 12(f) shall be required to execute a certification evidencing their agreement to the terms of the Stipulation and Order, in the form attached as Exhibit A.

  16. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall

promptly give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. In no event shall Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena without providing the Disclosing Party an opportunity to quash or object, absent a court order to do so.

17. No party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential or Outside Attorneys' Eyes Only when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Materials as Confidential or Outside Attorneys' Eyes Only under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. Within three business days of the receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential or Outside Attorneys' Eyes Only. If, for whatever reason, the parties do not resolve their disagreement within that time period, the Disclosing Party may apply within ten business days from the date of receipt of the notification for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential or Outside Attorneys' Eyes Only. The Disclosing Party shall have the burden of showing that the document or information is Confidential or Outside Attorneys' Eyes Only. While any such application is pending, the documents

or materials subject to that application will remain Confidential or Outside Attorneys' Eyes Only until the Court rules. If the Disclosing Party does not apply to the Court for a ruling on its designation of Discovery Materials as Confidential or Outside Attorneys' Eyes Only within ten business days from the date of receipt of the notification (regardless of whether the parties met and conferred on the subject), the Discovery Materials in question will no longer be deemed Confidential or Outside Attorneys' Eyes Only. Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any Discovery Materials as Confidential or Outside Attorneys' Eyes Only, or as preventing any party from seeking further protection for any material it produces in discovery.

18. In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Material or Outside Attorneys' Eyes Only Material, any information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material or Outside Attorneys' Eyes Only Material shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the stamp "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY," as appropriate. All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential or Outside Attorneys' Eyes Only and need not be preserved under seal. Redacted pages shall be filed in the public record.

19. After the termination of the Action (including all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

20. Within thirty calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to see that all Confidential Discovery Material shall either be (a) destroyed, and the Disclosing Party provided with a certification stating that the Disclosing Party's documents have been destroyed; or (b) returned, upon the request of the Disclosing Party. As to those materials containing Confidential Discovery Material that constitute counsel's work product, were served in the Action, were filed with the Court, and/or were marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

21. Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses or compromises of the Confidentiality or Outside Attorneys' Eyes Only status of Discovery Material governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure of such Confidential Discovery Material.

22. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information

that have been designated as Confidential or Outside Attorneys' Eyes Only pursuant to this Stipulation and Order.

23. In addition, nothing in this Stipulation and Order shall prevent or in any way limit the disclosure, use or dissemination of any document, information or material that:

    a. was, is or becomes public knowledge, not in breach of this Stipulation and Order; or

    b. is acquired by a party from a non-party having the right to disclose such information or material or is learned by a party as a result of that party's own independent efforts, investigation or inquiry.

24. A non-party from whom discovery is sought by the parties to this Action may designate Discovery Materials as "Confidential" or "Outside Attorneys' Eyes Only" consistent with the terms of this Stipulation and Order, provided that such non-party first endorses a copy of Exhibit A to this Stipulation and Order and delivers it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. Under such circumstances, Discovery Materials designated "Confidential" or "Outside Attorneys' Eyes Only" by a non-party are assigned the same protection as Discovery Materials so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Materials "Confidential" or "Outside Attorneys' Eyes Only." All obligations applicable to parties receiving such Confidential Discovery Material shall apply to any party receiving Confidential Discovery Material from such non-party.

25. This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or to prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence or use of any document, testimony or other evidence at trial or a hearing.

26. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

27. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

28. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution.

Dated: October 10, 2019
New York, New York

          PAUL, WEISS, RIFKIND, WHARTON &
          GARRISON LLP

          By: /s/ Andrew Gordon / RW
                  Andrew G. Gordon

          Andrew G. Gordon
          Ross A. Wilson
          1285 Avenue of the Americas
          New York, New York 10019
          Tel: (212) 373-3000
          agordon@paulweiss.com;
          rwilson@paulweiss.com

          *Attorneys for Defendant*
          *Atlas Merchant Capital LLC*

HOLWELL SHUSTER & GOLDBERG LLP

By: _____
      Daniel P. Goldberg

Daniel P. Goldberg
Lani Perlman
Jordan Pietzsch
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5151
dgoldberg@hsgllp.com
lperlman@hsgllp.com
jpietzsch@hsgllp.com

*Attorneys for Plaintiff Zhi Zhong Qiu*

SO ORDERED:

_____
Edgardo Ramos, U.S.D.J
Dated: Dec. 4, 2019
New York, New York

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZHI ZHONG QIU,<br><br>                Plaintiff,<br><br>- against -<br><br>ROBERT DIAMOND, JR., and ATLAS MERCHANT CAPITAL LLC,<br><br>                Defendants. | Case No. 19-cv-2050-ER<br><br>**UNDERTAKING REGARDING STIPULATION AND AGREED PROTECTIVE ORDER** |

    1.    I, _____, declare that:

    2.    I have received a copy of the Stipulation and Agreed Protective Order entered on _____ (the "Stipulation and Order") in the above-referenced Action and I have read and understand its provisions.

    3.    I will comply with all of the provisions of the Stipulation and Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" or "Outside Attorneys' Eyes Only" that I receive in this Action, except as otherwise permitted under the terms of the Stipulation and Order.

Dated: _____

                                                          _____