USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: May 6, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHI ZHONG QIU,

       Plaintiff,

– against –

ROBERT DIAMOND, JR., and ATLAS MERCHANT CAPITAL LLC,

       Defendants.

**ORDER OF DISMISSAL**

19 Civ 2050 (ER)

Ramos, D.J.:

  On March 6, 2019, Zhi Zhong Qiu ("Qiu") commenced the above-captioned action for breach of contract, unjust enrichment, and *quantum meruit* by filing a complaint. Doc. 1. In the complaint, Qiu describes Atlas Merchant Capital LLC ("Atlas") as "a private investment firm," and as "a Delaware corporation with its headquarters and principal place of business in New York." *Id*. ¶¶ 2, 7. On May 29, 2019, Atlas moved to dismiss the instant action on the grounds that Qiu's claims are barred by the New York Statute of Frauds and contradicted by the record. *See generally* Docs. 34, 35. On February 27, 2020, the Court denied that motion in its entirety. *See generally* Doc. 45. Subsequently, Atlas advised the Court that it lacks subject matter jurisdiction to hear this case. According to Atlas, although the complaint asserted jurisdiction based on diversity of citizenship, such jurisdiction is in fact lacking because both plaintiff, a citizen of Hong Kong, and Atlas, a limited liability company with a member that is a citizen of the Cayman Islands, are citizens of foreign states. *See* Doc. 51 at 2. In what can only be described as a shocking oversight, at no time prior to the Court's opinion denying the motion to dismiss—which motion was extensively briefed by the parties—did Atlas or its counsel take the time to assure that its citizenship was accurately described in the complaint.

Based on Atlas' belated representation as to its citizenship, Qiu does not contest that this Court lacks subject matter jurisdiction. On April 22, 2020, Qiu submitted a letter requesting an order dismissing the instant action without prejudice for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Doc. 54. At the same time, however, Qiu also seeks that the order include an award of costs incurred in defending against Atlas' previous motion to dismiss. *See id*. On April 29, 2020, Atlas filed a letter consenting to the dismissal of the action without prejudice, but opposing the request for costs. *See* Doc. 56. For the reasons set forth below, Qiu's request for a dismissal without prejudice pursuant to Rule 41(a)(2) is GRANTED, but his request for costs is DENIED.

### III.  DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except as otherwise provided in Rule 41(a), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a Rule 41(a)(2) dismissal is without prejudice. *Id*. Rule 41(a)(2) dismissals are not a matter of right, but are at the district court's discretion. *Paysys Int'l. Inc. v. Atos IT servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018). However, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, No. 19 Civ. 1576 (KPF), 2020 WL 1285511 at *2 (S.D.N.Y. Mar. 17, 2020) (internal citation and quotation marks omitted). Here, the parties agree that the action should be

dismissed without prejudice pursuant to Rule 41(a)(2).  The Court will not disturb that condition of voluntary dismissal.

As for the parties' disagreement over Qiu's request for costs, the Court concludes that Atlas has the better end of the argument.  Under the well-settled "American Rule," the parties are responsible for their own attorneys' fees regardless of which side prevails in Court.  *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985).  That rule may, however, be altered by statute, or "in the most extraordinary of instances," be "relaxed" under common law principles.  *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120 (2d Cir. 2013) (internal citations and quotation marks omitted).  While Qiu correctly cites *Colombrito* for the proposition that "fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)," *id*. at 133, that case also notes that such awards are generally made to the defendant.  Indeed, the Second Circuit Court of Appeals explained in *Colombrito* that the goal of such awards is to compensate the *defendant* for their legal costs, considering the possibility that "the same suit might be refiled and will impose duplicative expenses."  *Id* (emphasis added).  Other courts in this district have also held that the focus of the analysis on a motion for voluntary dismissal under Rule 41(a)(2) is the prejudice to the defendant.  *See A.P. Moller Maersk*, 2020 WL 1285511 at *1 (internal citation and quotation marks omitted); *see also* 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2366 (3d ed.) ("The terms and conditions imposed by the district court upon the granting of a motion for a voluntary dismissal under Rule 41(a)(2) generally are for the protection of the defendant").  Indeed, Qiu himself acknowledges that he could find no legal authority for an award of costs to a plaintiff in a Rule 41(a)(2) dismissal.  *See* Doc. 54 at 1.

Against that backdrop and contrary to Qiu's assertion, 28 U.S.C. § 1919 does not provide "additional support" for his request for costs.  In the sole case cited by Qiu, the defendant moved

3

to dismiss for lack of subject matter jurisdiction after three years of discovery and after resolution of defendant's summary judgment motion. *Castillo Grand, LLC*, 719 F.3d at 122. The district court below nevertheless awarded the *defendant* attorney's fees and costs. *Id.* at 121 (emphasis added). While the Second Circuit reversed the award of attorney's fees on the basis that § 1919 does not provide a statutory exception to the "American Rule," it left untouched the other costs. *Id.* at 122; *see also Oster v. Rubinstein*, 142 F. Supp. 620, 621 (S.D.N.Y. 1956) (awarding deposition-related costs to defendant even though "the motion to dismiss on jurisdictional grounds was made after the deposition had been taken"). Similarly, Qiu has cited no legal authority for an award of costs to a plaintiff pursuant to § 1919. Qiu's remaining arguments, appealing to the Court's equitable powers to award costs under common law principles, fare no better. *Castillo*, 719 F.3d at 124. Specifically, Qiu contends that Atlas knew or should have known about the facts indicating the lack of diversity jurisdiction, but waited to raise it only after it failed to get the case dismissed on the merits. However, while ignorance of its own citizenship, at the very least, reflects abject negligence, nothing in the record suggests that Atlas intentionally or tactically withheld the jurisdictional issue, nor does Qiu point to any tactical advantage to be gained by Atlas by not raising it earlier. In any event, Qiu's argument ignores the fact that it is his burden as the party asserting subject matter jurisdiction, to prove by a preponderance of the evidence that it exists. Furthermore, the Supreme Court has held that a motion to dismiss for lack of subject matter jurisdiction may be raised by a party, or even by the Court *sua sponte*, at any stage in the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (examining defendant's post-trial motion for dismissal for lack of subject matter jurisdiction). For the foregoing reasons, the Court finds that on the facts of this case, an award of costs is not warranted under common law principles.

<pre>                                                               </pre>
<pre>                                                                                       </pre>
<pre>                         </pre>

<pre>                  </pre>
<pre>               </pre>

<pre>                           </pre>

<pre>                                        </pre>

<pre>                                                                                                       </pre>

<pre>                                          </pre>

<pre>                                                     </pre>

<pre>                                  </pre>

<pre>                                                                                        </pre>

<pre>                                                                                         </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                                       </pre>

<pre>                                                                          </pre>

Accordingly, the Court, having reviewed the submissions of the parties, hereby dismisses the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[1]

It is SO ORDERED.

Dated:    May 6, 2020
               New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[1] The Court notes that while a plaintiff generally has, in the context of a Rule 41(a)(2) dismissal, 'the choice between accepting the conditions and obtaining dismissal and, if [it] feels that the conditions are too burdensome, withdrawing [its] dismissal motion and proceeding with the case on the merits,'" *Paysys Int'l. Inc.*, 901 F.3d at 109, that choice is foreclosed in the present case by Rule 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative…").

<pre>                                   </pre>

<pre>     5     </pre>